IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3310-FL

| | | |
|---|---|---|
| CHRISTOPHER RASHAWN BELFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R. BOWMEN, DR. SANDHU,[1] JOHNNY HAWKINS, and ELDRIDGE WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 35, 48), and for judgment on the pleadings (DE 59). The motions were fully briefed and in this posture the issues raised are ripe for ruling. For the following reasons, the court grants defendants' motions.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on October 22, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants R. Bowmen ("Bowmen"), Dr. Sandhu ("Sandhu"), Johnny Hawkins ("Hawkins"), and Eldridge Walker ("Walker") were deliberately indifferent towards plaintiff's medical needs regarding his mental health, in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks removal from the high-security maximum control

---

[1] Plaintiff names "Sandu" as a defendant in his complaint. (Compl. (DE 1) at 1, 3, 5). However, in defendant's filings, his name is spelled "Sandhu." (See Sandhu Mot. to Dismiss (DE 35) 1). Accordingly, the court will direct the clerk to correct defendant Sandhu's name on the docket.

("HCON") Unit for himself and "others like" him as well as monetary damages of $250,000.00 for his suffering.

The court conducted its frivolity review of plaintiff's complaint on May 29, 2020, and allowed the action to proceed. Following a period of time for service, defendant Sandhu filed his instant motion to dismiss, and plaintiff responded in opposition. Defendants Hawkins and Walker filed their instant motion to dismiss shortly thereafter, and plaintiff responded in opposition. Finally, defendant Bowmen filed his instant motion for judgment on the pleadings in January 2021, to which plaintiff responded in opposition.

## STATEMENT OF THE FACTS

Plaintiff's factual allegations are set forth in full below:

> [Defendant] Bowmen, the psychiatrist, refused to take the proper steps to remove [plaintiff from an] unhealthy environment after he observed the faltering of [plaintiff's] mental and physical health.
>
> [Defendant Sandhu]continue[d] to deprive [plaintiff] of better mental health treatment after [plaintiff] constantly explain[ed] to her the flaws of [his] diagnoses and how [his] mental state has been getting worse under [his] living conditions.
>
> [Defendants] Hawkins and . . . Walker deprived [plaintiff] of [his] sense[s] (sensory deprivation), such as direct sunlight, no outside recreation, no human contact, and no phone call once a month like [he was] entitled.
>
> [Plaintiff] was violated and left to suffer, even [after he] address[ed] administrative staff and let it be known how these circumstances [were] very detrimental to [his] health, only for no changes to be made (adjustments) and [his] mental to keep faltering.
>
> [The conduct lasted] from August 2017 to October 2019. But on August 1, 2019, October 5, 2019, and October 10, 2019, [plaintiff] address[ed] these issues with all [of] [t]he people [he named] in this suit.
>
> These violations took place on [the HCON Unit in] Polk Correctional Institut[ion].

2

> [Plaintiff went] from [being classified as] a level 1 mental patient to being classified as a level 3. [Plaintiff had] multiple diagnoses, such as bipolar [disorder], [intermittent] explosive disorder, manic depression, and anxiety disorder. This [led] to a hefty [increase in] [i]nfractions [and] . . . [a]ntisocial problems.

(Compl. (DE 1) at 5-7).[2]

## COURT'S DISCUSSION

A. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Additionally, the court need not "accept as true [factual] allegations that contradict matters properly subject to judicial notice or by exhibit." See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

---

[2] For ease of reference, the court has altered or omitted some internal punctuation, grammer, and capitalization, throughout in the text quoted above, without bracketing the same. Plaintiff also attached approximately 5 pages of exhibits to the complaint, consisting of records from administrative grievances he filed regarding the issues raised in his complaint.

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court generally "appl[ies] the same standard as a [Rule] 12(b)(6) motion to dismiss." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012) (citing Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002)).

B.  Analysis

    1.  Sovereign Immunity

The court begins with plaintiff's official capacity claims alleged against defendants. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Thus, the Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under section five of the Fourteenth Amendment to override that immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995); Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) ("Congress has made no move to impose § 1983 liabilities upon states, and North Carolina has done nothing to waive its immunity." (citations omitted)). Eleventh Amendment immunity extends to "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

4

Case 5:19-ct-03310-FL   Document 70   Filed 09/29/21   Page 4 of 8

Plaintiff's official capacity claims are "in effect, . . . against the governmental entity employing [the defendants]." Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006). As to defendants, prison officials are state officials for purposes of Eleventh Amendment sovereign immunity where a final judgment of monetary damages against them must be paid from the North Carolina treasury. See id.; see also N.C. Gen. Stat. §§ 148-5, 143-300.6. Accordingly, plaintiff's claims for monetary damages against defendants in their official capacities are barred by Eleventh Amendment immunity.[5]

2. Eighth Amendment Claims

Plaintiff alleges defendants were deliberately indifferent to his serious medical needs regarding his mental health when they placed him in HCON, in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The first prong is objective – the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (internal quotation omitted). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

---

[5] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

5

would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).

The second prong is subjective – the prisoner must show that "subjectively the officials acted with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted). The mental state for "deliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. A plaintiff therefore must establish the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Farmer, 511 U.S. at 837–39). The subjective knowledge requirement can be proved "through direct evidence of a prison official's actual knowledge or circumstantial evidence tending to establish such knowledge . . . ." Scinto v. Stansberry, 841 F.3d 219, 225–26 (4th Cir. 2016).

Deliberate indifference is thus "a particularly high bar to recovery." Iko, 535 F.3d at 241. For claims involving medical care, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or medical malpractice in diagnosis or treatment are not exceptional circumstances. See id.; see also Estelle v. Gamble, 429 U.S. 97, 105–08 (1976).

Plaintiff alleges he suffers from bipolar disorder, intermittent explosive disorder, manic

6

depression, and anxiety disorder, which the court finds are serious medical needs. (Compl. (DE 1) at 7); see Iko, 535 F.3d at 241 (4th Cir. 2008). Accordingly, plaintiff's complaint alleges the objective component of his claim.

Turning to the subjective prong, plaintiff alleges that, on August 1, October 5, and October 10, 2019, he "address[ed] these issues with all [of] [t]he people [he named] in this suit." (Compl. (DE 1) at 6). However, plaintiff's allegations against defendants are vague and lack supporting facts. Plaintiff also does not allege that defendants refused to treat him. Significantly, although plaintiff alleges he was denied access to direct sunlight, outside recreation, human contact, and phone calls, he does not specifically address how this impacted his mental health, negatively or positively. Thus, plaintiff has not properly alleged that defendants disregarded an objectively serious condition, medical need, or risk of harm. See Farmer, 511 U.S. at 837.

Furthermore, while plaintiff alleges defendant Sandhu "deprived [him] of better mental health [t]reatment after [he] explain[ed] . . . [t]he flaws on [his] diagnos[es]" and that he was deteriorating because of his living conditions, his allegations indicate a disagreement with the course of medical treatment provided. (Compl. (DE 1) at 5). Such a disagreement does not state a claim under § 1983 unless exceptional circumstances are present, and plaintiff fails to allege the presence of any exceptional circumstance. Wright, 766 F.2d at 849; Estelle, 429 U.S. at 105–08.

In sum, plaintiff fails to satisfy the subjective prong as to all defendants. Accordingly, plaintiff fails to state a claim that defendants were deliberately indifference towards his mental health when they housed him in HCON.

7

Case 5:19-ct-03310-FL   Document 70   Filed 09/29/21   Page 7 of 8

## CONCLUSION

Based on the foregoing, the court GRANTS the motions to dismiss of defendants Sandhu, Hawkins, and Walker. Defendant Bowmen's motion for judgment on the pleadings is also GRANTED. Plaintiff's action is DISMISSED for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close the case and to amend the caption as set forth in footnote one.

SO ORDERED, this the 29th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge